# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Filing Date: _____

Docket #: <u>09-16519</u>

Debtor: <u>Espada, Maribel</u>

Co-Debtor: _____

SS#: <u>4250</u>

SS#: _____

Address: <u>24 Bellingham Avenue</u>

Address: _____

<u>Everett, MA 02149</u>

Debtor's Counsel:

Law Office of Nicholas F. Ortiz, P.C.
306 Dartmouth Street Suite 501
Boston, MA 02116

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# United States Bankruptcy Court
## District of Massachusetts

## CHAPTER 13 PLAN

Docket#: **09-16519**

DEBTORS: (H) **Espada, Maribel** _____ SS# **4250** _____
(W) _____ SS# _____

TERM OF THE PLAN **60** Months.
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly: $ **539.00**.

## I. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Countrywide Home Loans | Mortgage arrears | 24,142.91 |
| | Total of secured claims to be paid through the Plan: $ | 24,142.91 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| Countrywide Home Loans | Mortgage account opened 12/06 |

## II. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | 2008 business income tax. | 500.00 |
| Massachusetts Department Of Revenue | 2008 withholding tax. | 335.33 |
| Massachusetts Department Of Revenue | 2008 Sales/Use tax. | 363.62 |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 1,198.95 |

## III. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **2,000.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **0.65%** of their claims.

A. General unsecured claims: .................................................................................................$ _____ 193,522.89

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| CitiMortgage | Mortgage account opened last several years. | 62,864.65 |
| Roos Company LLC | Past due rent incurred last several years. | 16,500.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ __272,887.54__

D. Multiply total by percentage: $ __1,764.14__.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

Total amount of separately classified claims payable at **100%**: $ __0.00__

## V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

IMPORTANT, PLEASE READ

The first mortgage held by WMC Mortgage Corp. (or other current holder mortgage) (hereinafter "mortgagee"), recorded at Book 48678, Page 295 at the Middlesex South County Registry of Deeds, in the original amount of $413,000, is being crammed down by this plan. Through this plan, the debtor shall cure and maintain her contractual mortgage payments to the mortgagee pursuant to Section 1322(a)(5). However, the mortgagee's rights are being modified by this plan pursuant to Section 1322(a)(2). The mortgagee shall have a secured claim in the amount of $250,000 (the value of the collateral securing the claim) and a general, unsecured claim for any amounts owed to the mortgagee above this amount. This mortgage modification is of the type contemplated in re McGregor, 172 B.R. 718 (Bankr.D.Mass.1994) and its progeny.

The second mortgage held by CITIBANK, N.A. (or other current holder mortgage), recorded at Book 49477, Page 480 at the Middlesex South County Registry of Deeds, is being stripped off and avoided as wholly unsecured by the provisions of this plan. An order of discharge in this case shall discharge and render this mortgage void.

The execution lien issued by the Malden District Court and held by ROOS COMPANY LLC recorded at Book 52655, Page 90 at the Middlesex South County Registry of Deeds, is being stripped off and avoided as wholly unsecured by the provisions of this plan. An order of discharge in this case shall discharge and render this lien void.

C. Assumption/Rejection of Leases:
American Honda Finance (Assume)

D. Miscellaneous provisions:

## CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total): .................................................................................$ __24,142.91__
b. Priority claims (Section II-A & B Total): ..........................................................................$ __1,198.95__
c. Administrative claims (Section III A & B Total): .............................................................$ __2,000.00__
d. Regular unsecured claims (Section IV – D Total): ..........................................................$ __1,764.14__
e. Separately classified unsecured claims (Section IV – E Total): .....................................$ __0.00__
f. Total of a + b + c + d + e above: .......................................................................................$ __29,106.00__
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: .....................................$ __32,340.00__
   (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **60** months

i. Round up to nearest dollar: Monthly Plan Payment: .................................................................$ _____ 539.00

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## LIQUIDATION ANALYSIS

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| Two-family home; 24 Bellingham Avenue, Everett, Mass. | 250,000.00 | 487,868.65 |

Total Net Equity for Real Property:   $ _____ 0.00
Less Total Exemptions (Schedule C):   $ _____ 0.00
Available Chapter 7:                  $ _____ 0.00

II. Automobile

Describe year, make and model                                Value       Lien       Exemption
None

Total Net Equity:                     $ _____ 0.00
Less Total Exemptions (Schedule C):   $ _____ 0.00
Available Chapter 7:                  $ _____ 0.00

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                      $ _____ 64,731.00
Less Exemptions (Schedule C):         $ _____ 60,927.00
Available Chapter 7:                  $ _____ 3,804.00

SUMMARY (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ 3,804.00.
Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____     July 14, 2009
Debtor's Counsel                       Date

Counsel's Address:
Law Office of Nicholas F. Ortiz, P.C.
306 Dartmouth Street Suite 501
Boston, MA  02116

Tel. # _____     Email Address: _____

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____     July 14, 2009
Debtor                                 Date

_____     July 14, 2009
Debtor                                 Date