UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                          )
    MARIBEL ESPADA                     )    Chapter 13
    A/K/A MARI ESPADA,                 )
        Debtor.                         )    Case No. 09-16519-FJB

OBJECTION TO CONFIRMATION OF PLAN

NOW COMES BAC Home Loans Servicing, L.P. fka Countywide Home Loans Servicing, L.P. ("BAC"), by and through its undersigned counsel, and respectfully objects to the confirmation of the Debtor's Second Amended Chapter 13 Plan (Court Doc. 22). In support of its objection, BAC states as follows:

1. On or about December 11, 2006, Maribel Espada (the "Debtor") granted to Mortgage Electronic Registration Systems, Inc. as nominee for WMC Mortgage Corporation a mortgage on the real property located at 24 Bellingham Avenue, Everett, MA 02149, as recorded with the Middlesex County (Southern District) Registry of Deeds at Book 48678, Page 295. The Mortgage secures a note given by the Debtor to WMC Mortgage Corporation in the amount of $413,000.00 (the "Note") on that same date. Upon information and belief, BAC is the current holder of the Note and Mortgage and the same has been assigned to it.

2. On July 10, 2009, the Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts. The Debtor filed her Second Amended Chapter 13 Plan on September 23, 2009 (Court Doc. No. 22) (the "Plan"). The Plan has not been confirmed. The first date set for the meeting of creditors pursuant to Section 341 of the Bankruptcy Code was August 26, 2009.

3. Section V of the Plan proposes a bifurcation of the Mortgage into

1

secured and unsecured portions. BAC respectfully submits that the Plan violates 11 U.S.C. §§ 1322 and 1325, insomuch as it is attempting a modification of its secured claim. The Debtor bears the burden of proving that the Mortgage is one that is not subject to the anti-modification provision of 11 U.S.C. §1322(b)(2) or that it comes within one of the exceptions thereto in 11 U.S.C. §1322(c). In addition, BAC is unable to discern from the Plan what treatment is being proposed for the secured portion of its claim. Section 1322(d) and 1325(a)(5)(B)(ii) require the Debtor to pay the entire secured claim over the five year term of the plan. Alternatively, if the Debtor is proposing to extend payments on the modified principal balance beyond the term of the plan, under *In re McGregor*, she must do so in accordance with the original provisions of the Note and Mortgage and demonstrate that her plan is feasible. The specifics of such a payment schedule are not provided in the Plan. BAC submits that such specifics must be submitted in order for it to further evaluate the treatment of its claim and the feasibility of the Plan.

4. BAC further objects to the Debtor's estimate of the fair market value of the Property and reserves the right to obtain an updated appraisal of the property and to demonstrate that the fair market value of the premises is higher than that asserted by the Debtor. While BAC has not yet obtained a Broker's Price Opinion, according to [www.zillow.com](www.zillow.com), BAC asserts the value of the Property to be approximately $347,000.00 (attached hereto as Exhibit A) and $377,700.00 according to the City of Everett Assessing Department (attached hereto as Exhibit B). The Debtor has not provided any documentation to support the alleged value of $220,000.00.

WHEREFORE, BAC requests that this Court:

A. Deny confirmation of the Plan; or

2

B.  In the alternative, order the Debtor to amend her Plan to conform to the secured proof of claim on account of the Mortgage; and

C.  Order such and other relief as the Court may deem just.

    Respectfully submitted,
BAC Home Loans Servicing, L.P. fka Countywide Home Loans Servicing, L.P.

By its attorneys,

ABLITT LAW OFFICES, PC

Dated:  October 22, 2009    /s/ Katelyn M. Ham
Katelyn M. Ham
BBO# 673909
304 Cambridge Road
Woburn, MA 01801
kham@acdlaw.com
(781) 246-8995 ext. 247

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, this day, a copy of the foregoing OBJECTION TO CONFIRMATION OF PLAN filed with the Court this day, by mailing a copy first-class, postage prepaid, or by serving a copy electronically via CM/ECF.

Dated:  October 22, 2009    /s/ Katelyn M. Ham

By CM/ECF:

- Carolyn Bankowski-13, Chapter 13 Trustee- 13trustee@ch13boston.com
- John Fitzgerald, Asst. U.S. Trustee-  USTPRegion01.BO.ECF@USDOJ.GOV
- Nicholas F. Ortiz on behalf of Debtor nfo@mass-legal.com;  jbo@mass-legal.com

By First Class Mail:

Maribel Espada
*Aka* Mari Espada
24 Bellingham Avenue
Everett, MA 02149